UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BERRY STRONG,<br>Plaintiff,<br>v.<br>SUSAN HUBBARD, et al.,<br>Defendants. | 1:08-cv-00087-LJO-GSA-PC<br><br>ORDER DENYING MOTION TO REPLACE FIRST PAGE OF COMPLAINT (Doc. 5)<br><br>ORDER DIRECTING CLERK TO REDESIGNATE ACTION AS A PRISONER CIVIL RIGHTS ACTION UNDER § 1983 |

George Berry Strong ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on January 17, 2008. (Doc. 1.) On January 28, 2008, plaintiff filed a motion for the court to replace the first page of his complaint with a "corrected" version of the first page. (Doc. 5.)

Plaintiff has submitted a new, "corrected" first page of the complaint, on which the reference to a "Bivens Action [403 U.S. 388 (1971)]" has been replaced with a reference to the "Civil Rights Act [42 U.S.C. § 1983]." [1] Plaintiff requests the court to enter the "corrected" page on the court's record in place of the first page of the original complaint filed on January 17, 2008. See Doc. 1, page 1.

Plaintiff is advised that court rules prohibit amending a pleading by replacing only part of it. Local Rule 15-220 requires that an amended complaint be complete in itself, and as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Although the original complaint no longer serves any function in the case, it remains part of the

[1] All other relevant information on the "corrected" page remains the same as the information on the first page of the complaint which is presently part of the court's record.

court's record. Therefore, plaintiff's request must be denied. However, the court shall nevertheless re-designate this action as a civil rights action pursuant to 42 U.S.C. § 1983.

A Bivens Action pursuant to 403 U.S. 388 (1971) is a civil rights action by a federal prisoner against a state actor. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is one by a state prisoner against a state actor. Because plaintiff is a state prisoner bringing an action against state actors, the court recognizes herein that he is presently proceeding with a civil rights action pursuant to § 1983. Therefore, the Clerk shall be directed to re-designate this action as a § 1983 action on the court's record. Plaintiff is assured that the reference to a Bivens Action on the front of his complaint will not affect the litigation or outcome of his § 1983 action.

Should plaintiff wish to amend the entire complaint, he is advised that under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because plaintiff has not amended the complaint, and no responsive pleading has been served in this action, plaintiff has leave to file an amended complaint once as a matter of course without requesting leave of court. If plaintiff decides to submit an amended complaint, it should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to case number 1:08-cv-00087-LJO-GSA-PC, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for the court to replace the first page of his complaint is DENIED;
2. This action now PROCEEDS as a prisoner civil rights action under 42 U.S.C. § 1983; and
3. The Clerk is DIRECTED to re-designate this action as a prisoner civil rights action under 42 U.S.C. § 1983 on the court's record.

IT IS SO ORDERED.

**Dated: July 7, 2008** **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE