# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BERRY STRONG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUSAN HUBBARD, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:08-cv-00087-LJO-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS<br><br>(Doc. 15)<br><br>THIRTY-DAY DEADLINE |

### I.   Procedural History

Plaintiff George Berry Strong ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on January 17, 2008. (Doc. 1.) The complaint was screened by the Magistrate Judge on May 27, 2009, and the complaint was dismissed, with leave to amend, for failure to state a claim. (Doc. 12.) Currently before the Court is the first amended complaint, filed August 12, 2009. (Doc. 15.)

### II.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard

under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**III.     Amended Complaint Allegations**

After Plaintiff was incarcerated he was approved to wear his personal tennis shoes due to a foot deformity. (Doc. 15, Amend. Comp., p. 4:14-20.) On October 26, 2004, Plaintiff was determined to be permanently mobility impaired due to a severe foot deformity. (Id., p. 16.) On December 16, 2007, while incarcerated at the California Substance Abuse Treatment Facility, Plaintiff was denied visitation because he was wearing his personal tennis shoes. He was informed that Defendants Ken Clark and Susan Hubbard had implemented a new rule that inmates were prohibited from contact visits when they were wearing their personal tennis shoes. Plaintiff was required to wear state issued tennis shoes during his five hour visitation and suffered severe pain and swelling in both feet. (Id., ¶ 21.) During the visitation he observed that other inmates with wheelchairs, canes, crutches, walkers, prosthetic devices, and orthopedic boots were allowed visitation. (Id., ¶ 22.)

On December 17, 2007, Plaintiff saw medical staff for severe pain and swelling to his feet. Medical staff reviewed his medical file and issued a chrono so Plaintiff could wear his personal tennis shoes. (Id., ¶ 23.) On December 19, 2007, Plaintiff sent Defendants Hubbard and Clark a letter informing them that his medical documentation was not being honored based upon the adoption and implementation of the rule that personal tennis shoes were not allowed in the visiting room. He included medical documentation and stated the regulation was discriminatory and causing him severe pain and swelling in both feet. (Id., ¶ 24.)

On December 27, 2007, Plaintiff was not allowed visitation because he was wearing his personal tennis shoes. (Id., ¶ 25.) On January 2, 2008, Plaintiff was advised that his medical documents would not be honored and he could not wear his personal tennis shoes in the visiting room. (Id., ¶ 26.) On that same day, Plaintiff sent a letter to Defendant Clark informing him that he was being discriminated against by not being allowed to wear his personal tennis shoes to visitation. (Id., ¶ 27.) A similar notice was sent to Defendant Hubbard on January 3, 2008. (Id., ¶ 28.)

Plaintiff alleges that Defendants Hubbard and Clark violated his right to equal protection under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment. (Id., ¶¶ 31, 41.) As a result of being required to wear state issued shoes to visitation he has suffered physical injuries in the form of damage to his feet and knees and balance problems. (Id., ¶ 36.) He is seeking monetary damages of $500,000.00.

**IV.    Discussion**

    **A.    Eighth Amendment**

Plaintiff alleges that Defendants exhibited deliberate indifference and wanton infliction of pain by implementing and enforcing the rule prohibiting him from wearing his personal tennis shoes to visitation. (Doc. 15, ¶ 45.) Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations

are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Where an inmate is challenging the conditions of confinement he must show there was a deprivation "sufficiently serious" to form the basis of a violation and "the prison official acted "with a sufficiently culpable state of mind." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731.

Plaintiff alleges that Defendants Hubbard and Clark personally participated in the deprivation of his rights because they implemented the rule that required prison issued footwear in the visiting room. Jones, 297 F.3d at 934. It is well established that prisoners do not have an absolute right to receive visits from family members while they are incarcerated. Dunn, 2010 WL 3547637, at *4, and prison officials can impose regulations that promote internal security in the prison, Overton v. Bazzetta, 123 S. Ct. 126, 133 (2003); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of prisoner's claim challenging regulation that denied him visits from persons other than his immediate family). However, Defendants Hubbard and Clark were aware of Plaintiff's complaints that he was suffering extreme pain and swelling in his feet due to the policy requiring him to wear prison issued shoes to visitation. The alleged failure to act is sufficient to state a cognizable claim for deliberate indifference in violation of the Eighth Amendment against Defendants Hubbard and Clark.

**B.      Fourteenth Amendment**

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne

Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff's claim is not that all disabled inmates were being treated differently from other general population inmates. He is alleging that he is treated differently than other disabled inmates because they were allowed to use walkers, wheelchairs, canes, prosthetic devices, and orthopedic boots, while he was not allowed to wear his personal tennis shoes. (Doc. 15, ¶ 22.)

As stated in the Courts prior order, issued May 27, 2009,

> [w]ith respect to the discriminatory purpose element of Plaintiff's equal protection claim, he only pleads that Defendants knowingly or with deliberate indifference to his mobility disability adopted a facially neutral policy that had a discriminatory impact on Plaintiff. Plaintiff fails to show that Defendants' acts or omissions were motivated by discriminatory animus toward those inmates with foot disabilities requiring the use of personal tennis shoes as a protected class. Even if SATF's facially neutral policy had a foreseeably disproportionate impact on an identifiable group it would not necessarily mean that they violated the Equal Protection Clause. See Navarro v. Block, 72 F.3d 712, 716 n. 5 (9th Cir.1995). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Id. (quoting Personnel Adm'r of Massachusetts v. Feeney, 442 U.S. 256, 279 (1979) (alteration in original)).

Thus, Plaintiff fails to state a cognizable claim for violation of the Equal Protection Clause of the Fourteenth Amendment.

**V.    Conclusion and Order**

Plaintiff's complaint sets forth a cognizable claim against Defendants Hubbard and Clark for deliberate indifference in violation of the Eighth Amendment, but does not state any other claims for relief under section 1983. Because Plaintiff has previously been notified of the deficiencies and given leave to amend, the Court recommends that the non-cognizable claims be dismissed, with prejudice. Noll, 809 F.2d at 1448-49. Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  This action proceed on Plaintiff's first amended complaint, filed August 12, 2009, against Defendants Hubbard and Clark for deliberate indifference in violation of the Eighth Amendment; and

2.  Plaintiff's equal protection claim be dismissed, with prejudice, for failure to state a claim under section 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 8, 2010

UNITED STATES MAGISTRATE JUDGE