# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BERRY STRONG, | CASE NO: 1:08-cv-00087-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION AS BARRED BY RES JUDICATA |
| v. | |
| SUSAN HUBBARD, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**I. Procedural Background**

On January 17, 2008, George Berry Strong ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On August 12, 2009, Plaintiff filed an amended complaint. Doc. 15. On December 29, 2010, the Court adopted findings and recommendations, recommending dismissal of certain claims and finding a cognizable claim for Eighth Amendment deliberate indifference to medical need for prohibiting Plaintiff from wearing his personal tennis shoes to visitation. Doc. 20.

Upon review of the complaint, the undersigned finds that this action is substantively identical to the previously decided case that Plaintiff filed on October 18, 2008, *George Berry Strong v. O. Beregovskaya*, 1:09-cv-00821-AWI-BAM, which was dismissed, with prejudice, on November 8, 2011, for failure to state a claim.

## II. Res Judicata

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Claim preclusion (res judicata) pertains to "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit . . ." *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)); *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit."). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal, *Headwaters, Inc.*, 399 F.3d at 1055. Generally a person who is not a party to an action is not entitled to the benefits of res judicata. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993). "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in re-litigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940).

//
//
//
//
//

## III. Analysis

### A. Identity of Claims

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, the Court examines the following criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." *Id.* at 1202.

On August 12, 2009, Plaintiff filed an amended complaint in the instant case, alleging claims against Susan Hubbard, director of the California Department of Corrections and Rehabilitation ("CDCR"), and Ken Clark, warden of the California State Abuse Treatment Facility at Corcoran ("CSATF"), for Eighth Amendment deliberate indifference to medical need for prohibiting Plaintiff from wearing his personal tennis shoes to visitation. Pl. Am. Compl. at 2-3, 9, 12, Doc. 15. In Plaintiff's amended complaint, he chronologizes his foot issues, from 2000 through the 2008. *Id.* at 7-10. Plaintiff alleges that on December 17, 2007, medical staff at CSATF examined Plaintiff and issued copies of a medical document stating he could wear his personal tennis shoes. *Id.* at 9. Plaintiff alleges that in December 2007, due to new rules adopted by Defendants, officers at CSATF prohibited Plaintiff from wearing his personal tennis shoes to visitation. *Id.* at 8. Plaintiff states that in December 2007 and January 2008, he sent a letter to Defendants regarding their failure to honor his medical chrono to wear personal tennis shoes to visitation. *Id.* at 9-10. As relief, Plaintiff seeks a declaratory judgment and punitive and compensatory damages. *Id.* at 13.

Prior to filing the amended complaint in the instant case, on October 18, 2008, Plaintiff filed *Strong v. Beregovskaya*. In that action, Plaintiff alleged a claim against Defendant Olga

Beregovskaya, a licensed medical doctor at CSATF, for Eighth Amendment deliberate indifference to medical need for failing to provide Plaintiff with a chrono to wear his personal tennis shoes to visitation. *See Strong v. Beregovskaya*, 1:09-cv-00821-AWI-BAM, Pl. Am. Compl. at 11-12, Doc. 13. In Plaintiff's amended complaint, he chronologizes his foot issues, from 2000 through the 2008. *Id.* at 6-11. Plaintiff alleges that in December 2007,[1] officers at CSATF told Plaintiff he would have to obtain an updated medical chrono to wear his personal tennis shoes to visitation. *Id.* at 7. Plaintiff states that in May 2008, he sent a letter to the warden at CSATF regarding Beregovskaya's failure to issue a personal tennis shoe chrono. *Id.* at 8. the As relief, Plaintiff sought punitive and compensatory damages. *Id.* at 13.

### B. Final Judgment on the Merits

On September 1, 2011, in *Strong v. Beregovskaya*, 1:09-cv-00821-AWI-BAM, the Magistrate Judge issued Findings and Recommendations recommending that the action be dismissed for failure to state a claim upon which relief may be granted. Doc. 17. Plaintiff did not file any objections, and on November 8, 2011, the District Judge adopted the Findings and Recommendations, dismissing the action, with prejudice, for failure to state a claim. Doc. 20.

The undersigned concludes that the instant case, *Strong v. Hubbard, et al.*, 1:08-cv-00087-LJO-GBC, stems from the claims which were previously litigated against the Defendants in privity in *Strong v. Beregovskaya*, 1:09-cv-00821-AWI-BAM. "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)." *Stewart v. U.S. Bancorp*, 297 F.3d 953 (9th Cir. 2002).

### C. Privity Between Parties

The named defendants in the instant case, Defendant Hubbard, director of the CDCR and Defendant Clark, warden of CSATF, are in privity with Defendant Beregovskaya, the named defendant in the prior case, as an employee of CSATF and CDCR. *See Nordhorn*, 9 F.3d at 1405;

---

[1] In Plaintiff's complaint, he writes December 2008, but from reading his chronology, it is clear that Plaintiff meant December 2007. *See id.* at 7.

*see also Sunshine Anthracite Coal Co.*, 310 U.S. at 402-03; *Adams v. California Dept. of Health Services*, 487 F.3d 684, 691 (9th Cir. 2007). Moreover, Plaintiff chronologized his foot issues in both complaints and referenced the letters he sent to Defendants Hubbard and Clark in his complaint against Defendant Beregovskaya. *Strong v. Hubbard, et al.*, 1:08-cv-00087-LJO-GBC, Pl. Am. Compl. at 7-10, Doc. 15; *Strong v. Beregovskaya*, 1:09-cv-00821-AWI-BAM, Pl. Am. Compl. at 6-11, Doc. 13.

### IV. Conclusion and Recommendation

The undersigned finds that the claims in the previously decided case of *Strong v. Beregovskaya*, 1:09-cv-00821-AWI-BAM and the instant case of *Strong v. Hubbard, et al.*, 1:08-cv-00087-LJO-GBC, involve the same transactional nucleus of facts against the same defendants in privity, alleging Eighth Amendment deliberate indifference to medical need for prohibiting Plaintiff from wearing his personal tennis shoes to visitation. Therefore, the undersigned hereby RECOMMENDS that this action be DISMISSED WITH PREJUDICE as barred by res judicata and duplicative of *Strong v. Beregovskaya*, 1:09-cv-00821-AWI-BAM.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 30, 2012

UNITED STATES MAGISTRATE JUDGE